CHAISSON, J.
In this case arising from an alleged April 3, 2014 altercation between a teacher and student at Paulina Elementary School, Gladys Vancourt, tutrix of the minor student, appeals a July 17, 2017 final judgment of the trial court finding that she failed to carry her burden of proof and dismissing with prejudice her claims against St. James Parish School Board ("SJPSB") and Ms. Tonya Harden. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
Ms. Vancourt filed her petition for damages on April 2, 2015, and defendants filed their answer and affirmative defenses shortly thereafter on April 21, 2015. On October 27, 2015, Ms. Vancourt filed a motion for a telephone status conference for the purposes of declaring deadlines and *1295 setting the matter for trial on the merits. Following a pretrial conference, on November 18, 2015, the court issued a pretrial order setting the case for trial on April 19, 2016, and establishing discovery and motion deadlines.
On February 12, 2016, defendants filed a motion for summary judgment seeking to have Ms. Vancourt's suit dismissed with prejudice. More than a month later, on March 21, 2016, Ms. Vancourt filed an opposition to the motion for summary judgment in which she argued that the motion for summary judgment was premature because no discovery had been conducted. On March 29, 2016, the trial court issued an amended pretrial order setting a new trial date of November 22, 2016, new discovery deadlines, and a July 25, 2016 hearing date for the motion for summary judgment.
Following the July 25, 2016 hearing, the trial court issued a judgment on August 17, 2016, in which the judge construed the motion for summary judgment as exceptions of no cause action and no right of action and allowed Ms. Vancourt thirty days to amend the petition to remove the grounds of the objections raised through the exceptions. Ms. Vancourt filed her amended petition on September 19, 2016. Defendants filed a motion to dismiss on the basis that Ms. Vancourt's petition was untimely. This motion was denied by judgment dated December 12, 2016.
On January 3, 2017, SJPSB filed a motion to set a status conference for the purpose of resetting the trial date. A telephone conference was held on February 24, 2017, during which Ms. Vancourt's attorney was absent. On March 3, 2017, the trial court issued a second amended pretrial order setting a new trial date for June 23, 2017, as well as discovery and other motion deadlines.
On June 15, 2017, one week before trial, Ms. Vancourt filed a motion to continue the trial arguing that there had been inadequate opportunity for discovery and that her counsel was not served with notice of the February 24, 2017 status conference during which the trial date was selected. At the June 19, 2017 final pretrial conference, which Ms. Vancourt's counsel failed to attend, the trial court denied the motion to continue the trial. Ms. Vancourt sought supervisory review of that decision from this Court.[1]
This Court stayed the trial pending the disposition of Ms. Vancourt's writ application. In our June 23, 2017 disposition, this Court noted that Ms. Vancourt's counsel argued that he did not receive notice of the February 24, 2017 telephone status conference but did not claim that he did not receive proper notice of the March 7, 2017 second amended pretrial order setting the June 23, 2017 trial date. Despite receiving the March 7, 2017 order setting the June 23, 2017 trial date, Ms. Vancourt's counsel did not file his motion to continue the trial until June 15, 2017. This Court also observed that although Ms. Vancourt's counsel argued that defendants failed to adequately respond to discovery requests propounded upon them in January of 2016, he had not filed a motion to compel responses to that discovery.[2] This Court found no abuse of the trial court's broad discretion in denying Ms. Vancourt's motion to continue the trial, denied the writ application accordingly, and lifted the stay of the trial.
Because this Court stayed the trial court proceedings pending our disposition of Ms. *1296 Vancourt's writ application, the trial was set to resume on July 17, 2017. The court also set a hearing on that same date for the motion to compel belatedly filed by Ms. Vancourt on June 22, 2017. On July 10, 2017, one week before the new trial date, Ms. Vancourt filed another motion to continue the July 17, 2017 trial and to reset the hearing on her motion to compel. The trial court denied that motion on July 13, 2017.[3]
The matter proceeded to trial on July 17, 2017, at which time Ms. Vancourt failed to put forth any evidence. On the same day, the trial court rendered a judgment in favor of defendants and dismissed Ms. Vancourt's claims with prejudice.
On July 28, 2017, Ms. Vancourt filed a motion for a new trial. Defendants opposed the motion for a new trial, arguing that Ms. Vancourt's motion was untimely pursuant to La. C.C.P. art. 1974 and that the motion failed to set forth grounds under La. C.C.P. art. 1971 upon which a new trial may be granted. The trial court issued a judgment on August 21, 2017, denying Ms. Vancourt's request for new trial.
On appeal, Ms. Vancourt raises the following three assignments of error:
1. The trial court erroneously denied the motion to compel discovery when the defendants were served with several discovery requests, failed to response [sic ] within the applicable time period, and did not participate in a rule 10.1 conference.
2. The trial court erroneously denied a motion to continue the trial when the plaintiff did not receive notice of the status conference that set the trial date and discovery was far from complete and neither party could certify that discovery was complete.
3. The trial court erroneously granted the defendant's motion for judgment of involuntary dismissal when it did not afford the plaintiff her right to conduct discovery and she did not receive notice of the status date selecting a trial date.
In its appellee brief, SJPSB moves this Court to award damages, including attorney fees and all costs, against Ms. Vancourt for frivolous appeal.
DISCUSSION
We find, first, that the law of the case doctrine applies to certain of Ms. Vancourt's assignments of error as they relate to the trial court's purportedly erroneous decision to deny her motion to continue the trial. Under the law of the case doctrine, an appellate court will not reconsider its own rulings of law in the same case. Boudoin v. Ochsner Clinic Found. (In re Med. Review Panel Proceedings) , 17-488 (La. App. 5 Cir. 3/14/18), 241 So.3d 1226. It is applied to parties who have had the identical issue presented and decided previously by the appellate court in an earlier appellate proceeding in the same case. Id. Ms. Vancourt's argument that the trial court erred when it denied her motion to continue the trial when she failed to receive notice of the status conference setting the trial date and discovery deadlines was presented to this Court previously in her application for supervisory writs. At that time, we found no abuse in the trial court's broad discretion in denying Ms. Vancourt's motion to continue the trial on *1297 the grounds that her counsel did not receive notice of the status conference. Pursuant to the law of the case doctrine, we decline to reconsider our previously rendered ruling on that same motion.
Next, considering Ms. Vancourt's assignment of error concerning the denial of her motion to compel, we find that the trial court did not abuse its discretion in denying the motion. La. C.C.P. art. 1551 provides the trial court with great discretion in implementing pretrial orders and ensuring that the items of the pretrial order are enforced. Moonan v. La. Med. Mut. Ins. Co. , 16-113 (La. App. 5 Cir. 9/22/16), 202 So.3d 529, 533. When a party's attorney fails to obey a pretrial order, or to appear at the pretrial conference, the court, on its own motion or on the motion of a party, may make such orders as are just. Id. ; La. C.C.P. art. 1551(C). Considering the procedural history of this case, which shows that Ms. Vancourt had nearly two years to conduct discovery, as well as Ms. Vancourt's counsel's failure to appear at the June 19, 2017 pretrial conference, we find no abuse of the trial court's discretion in denying her motion to compel discovery that was filed one day before the June 23, 2017 trial date.
Finally, we note that while Ms. Vancourt raised the question of whether the trial court erred in denying her motion for a new trial as an issue for this court to consider, she failed to put forth any argument concerning that issue in her appellate brief. Under Rule 2-12.4(B)(4) of the Uniform Rules for the Courts of Appeal, all assignments of error and issues for review must be briefed. Because Ms. Vancourt has failed to brief the issue of whether the trial court erred in denying her motion for a new trial, we consider the issue abandoned.
CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court dismissing Ms. Vancourt's claims with prejudice. We tax all costs of this proceeding to Ms. Vancourt, but decline to award any additional damages to SJPSB as requested.
AFFIRMED

See Vancourt v. St. James Parish School Board , 17-C-331 (La. App. 5 Cir. 6/23/17)(unpublished writ disposition).

Unbeknownst to this Court, Ms. Vancourt belatedly filed a motion to compel on June 22, 2017, the day before this Court's June 23, 2017 disposition of her writ application.

Ms. Vancourt sought supervisory review of this decision of the trial court, however, because the writ application did not contain a notice of intention to apply for supervisory writs and a return date set by the trial judge as required by Rule 4-2 of the Uniform Rules for the Courts of Appeal, this Court did not consider the writ application. See Vancourt v. St. James Parish School Board , 17-C-382 (La. App. 5 Cir. 7/18/17)(unpublished writ disposition).